Michael K. Friedland (SBN 157,217)
michael.friedland@knobbe.com
Lauren K. Katzenellenbogen (SBN 223,370)
lauren.katzenellenbogen@kmob.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Daniel C. Kiang (SBN 307,961)
daniel.kiang@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
OAKLEY, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC., a Washington corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>USA MICHIGAN WHOLESALE INC., a Michigan corporation,<br><br>        Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Oakley, Inc. ("Oakley") hereby complains of USA Michigan Wholesale Inc. ("UMW" or "Defendant") and alleges as follows:

## I. JURISDICTION AND VENUE

1.     This Court has original subject matter jurisdiction over the claims in this action pursuant to 35 U.S.C. §§ 271 and 281, 15 U.S.C. §§ 1116(a), 1121, and 28 U.S.C. §§ 1331 and 1338 as these claims arise under the laws of the United States.  This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.     This Court has personal jurisdiction over Defendant because Defendant has a continuous, systematic, and substantial presence within this judicial district including by selling and offering for sale infringing products in this judicial district, and by committing acts of infringement in this judicial district, including but not limited to selling infringing eyewear directly to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in California and this district, which acts form a substantial part of the events or omissions giving rise to Oakley's claim.

3.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(d), and 1400(b).

## II. THE PARTIES

4.     Plaintiff Oakley is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

5.     Plaintiff is informed and believes, and thereon alleges, that Defendant UMW is a company organized and existing under the laws of the

- 1 -

1  State of Michigan, having its principal place of business at 2841 Division Ave

2  South, Wyoming, MI 49548.

3      6.      Oakley is informed and believes, and thereon alleges, that

4  Defendant has committed the acts alleged herein within this judicial district.

5              **III.  <u>GENERAL ALLEGATIONS</u>**

6      7.      Oakley is one of the world's most iconic brands.  The company and

7  its products, particularly in the realm of eyewear, are instantly and universally

8  recognized for their innovative technology and distinctive style.   Since its

9  founding, Oakley's engineers and designers have worked continuously to bring

10 new technology and breakthrough designs to the market.

11     8.      Oakley has been actively engaged in the manufacture and sale of

12 high quality eyewear since at least 1985.  Oakley is the manufacturer and

13 retailer of several lines of eyewear that have enjoyed substantial success and are

14 protected by various intellectual property rights owned by Oakley.

15     9.      On May 8, 2012, the United States Patent and Trademark office

16 ("USPTO") duly and lawfully issued United States Design Patent No. D659,179

17 ("the D179 Patent"), titled "Eyeglass."  Oakley is the owner by assignment of

18 all right, title, and interest in the D179 Patent.  A true and correct copy of the

19 D179 Patent is attached hereto as Exhibit A.

20     10.     On August 3, 2010, the USPTO duly and lawfully issued United

21 States Design Patent No. D620,970 ("the D970 Patent"), titled "Eyeglass

22 Component."  Oakley is the owner by assignment of all right, title, and interest

23 in the D970 Patent.  A true and correct copy of the D970 Patent is attached

24 hereto as Exhibit B.

25     11.     On November 29, 2011, the USPTO duly and lawfully issued

26 United States Design Patent No. D649,579 ("the D579 Patent"), titled

27 "Eyeglass."  Oakley is the owner by assignment of all right, title, and interest in

28 / / /

the D579 Patent.  A true and correct copy of the D579 Patent is attached hereto as Exhibit C.

12.   On November 25, 2008, the USPTO duly and lawfully issued United States Design Patent No. D581,443 ("the D443 Patent"), titled "Eyeglasses Components."  Oakley is the owner by assignment of all right, title, and interest in the D443 Patent.  A true and correct copy of the D443 Patent is attached hereto as Exhibit D.

13.   On December 29, 2015, the USPTO duly and lawfully issued United States Design Patent No. D746,368 ("the D368 Patent"), titled "Set of Eyeglass Components."  Oakley is the owner by assignment of all right, title, and interest in the D368 Patent.  A true and correct copy of the D368 Patent is attached hereto as Exhibit E.

14.   Defendant makes, uses, sells, offers for sale, and/or imports into the United States eyewear that infringes Oakley's intellectual property rights, including the D179 Patent, the D970 Patent, the D579 Patent, the D443 Patent, and the D368 Patent (the "Asserted Patents").

15.   Oakley has provided the public with constructive notice of its patent rights pursuant to 35 U.S.C. § 287.

16.   Oakley manufactures and sells sunglasses under the mark HALF JACKET bearing a distinctive trade dress in the overall design of the sunglasses ("HALF JACKET Trade Dress").  An example of an Oakley product bearing the distinctive HALF JACKET Trade Dress is depicted in the photograph attached hereto as Exhibit F.

17.   As a result of Oakley's widespread use and display of the HALF JACKET Trade Dress in association with its eyewear, (a) the public has come to recognize and identify eyewear bearing the HALF JACKET Trade Dress as emanating from Oakley, (b) the public recognizes that products bearing the HALF JACKET Trade Dress constitute high quality products that conform to

the specifications created by Oakley, and (c) Oakley has established strong secondary meaning and extensive goodwill in connection with the HALF JACKET Trade Dress.

18.    The HALF JACKET Trade Dress is not functional.  The design features embodied by the HALF JACKET Trade Dress are not essential to the function of the product, do not make the product cheaper or easier to manufacture, and do not affect the quality of the product.  The design of the HALF JACKET Trade Dress is not a competitive necessity.

19.    Subsequent to Oakley's use and adoption of the HALF JACKET Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products bearing a trade dress that is confusingly similar to the HALF JACKET Trade Dress.

20.    Oakley manufactures and sells sunglasses under the mark STRAIGHT JACKET bearing a distinctive trade dress in the overall design of the sunglasses ("STRAIGHT JACKET Trade Dress").  An example of an Oakley product bearing the distinctive STRAIGHT JACKET Trade Dress is depicted in the photograph attached hereto as Exhibit G.

21.    As a result of Oakley's widespread use and display of the STRAIGHT JACKET Trade Dress in association with its eyewear, (a) the public has come to recognize and identify eyewear bearing the STRAIGHT JACKET Trade Dress as emanating from Oakley, (b) the public recognizes that products bearing the STRAIGHT JACKET Trade Dress constitute high quality products that conform to the specifications created by Oakley, and (c) Oakley has established strong secondary meaning and extensive goodwill in connection with the STRAIGHT JACKET Trade Dress.

22.    The STRAIGHT JACKET Trade Dress is not functional.  The design features embodied by the STRAIGHT JACKET Trade Dress are not essential to the function of the product, do not make the product cheaper or

easier to manufacture, and do not affect the quality of the product.  The design of the STRAIGHT JACKET Trade Dress is not a competitive necessity.

23.　　Subsequent to Oakley's use and adoption of the STRAIGHT JACKET Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products bearing a trade dress that is confusingly similar to the STRAIGHT JACKET Trade Dress.

24.　　Defendant's acts complained of herein have caused Oakley to suffer irreparable injury to its business.  Oakley will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

25.　　Oakley is informed and believes, and on that basis, alleges, that Defendant's acts complained of herein are willful and deliberate.

## IV.  **FIRST CLAIM FOR RELIEF**

(Patent Infringement)

(35 U.S.C. § 271)

26.　　Oakley repeats and re-alleges the allegations of paragraphs 1-25 of this Complaint as if set forth fully herein.

27.　　This is a claim for patent infringement under 35 U.S.C. § 271.

28.　　Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the D179 Patent by making, using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D179 Patent, including for example, Defendant's *F2019SP* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website, http://www.wholesalecentral.com/usamichiganwholesale/.

/ / /

/ / /

/ / /

- 5 -

| Accused Product | Oakley's Patent |
|---|---|
| F2019SP | U.S. Patent No. D659,179 |



29.     Defendant's acts of infringement of the D179 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D179 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *F2019SP* model sunglasses are nearly identical copies of Oakley's design.   Accordingly, Defendant's actions constitute willful and intentional infringement of the D179 Patent.  Defendant infringed the D179 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D179 Patent.  Defendant's acts of infringement of the D179 Patent were not consistent with the standards of commerce for its industry.

30.     Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D970 Patent by using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D970 Patent, including for example, Defendant's *F2019SP* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website, http://www.wholesalecentral.com/usamichiganwholesale/.

| Accused Product | Oakley's Patent |
|---|---|
| F2019SP | U.S. Patent No. D620,970 |



31.     Defendant's acts of infringement of the D970 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D970 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *F2019SP* model sunglasses are nearly identical copies of Oakley's design.   Accordingly, Defendant's actions constitute willful and intentional infringement of the D970 Patent.  Defendant infringed the D970 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D970 Patent.  Defendant's acts of infringement of the D970 Patent were not consistent with the standards of commerce for its industry.

32.     Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D579 Patent by using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D579 Patent, including for example, Defendant's *FA913* model

/ / /

sunglasses as shown below, which were sold and/or offered for sale on Defendant's website, http://www.wholesalecentral.com/usamichiganwholesale/.

| Accused Product | Oakley's Patent |
|---|---|
| FA913 | U.S. Patent No. D649,579 |
|  |  |

33.    Defendant's acts of infringement of the D579 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D579 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *FA913* model sunglasses are nearly identical copies of Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D579 Patent.  Defendant infringed the D579 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D579 Patent.  Defendant's acts of infringement of the D579 Patent were not consistent with the standards of commerce for its industry.

34.    Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D443 Patent by using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to

the claim of the D443 Patent, including for example, Defendant's *FA900* and *56080* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website, http://www.wholesalecentral.com/usamichiganwholesale/.

| Accused Product | Oakley's Patent |
|---|---|
| FA900  56080  | U.S. Patent No. D581,443  |

35.    Defendant's acts of infringement of the D443 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D443 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *FA900* and *56080* model sunglasses are nearly identical copies of Oakley's design.  Accordingly, Defendant's actions constitute willful and intentional infringement of the D443 Patent.  Defendant infringed the D443 Patent with reckless disregard of Oakley's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that

its actions constituted infringement of the D443 Patent.  Defendant's acts of infringement of the D443 Patent were not consistent with the standards of commerce for its industry.

36.    Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully directly infringe the D368 Patent by using, selling, offering for sale, and/or importing eyewear having a design that would appear to an ordinary observer to be substantially similar to the claim of the D368 Patent, including for example, Defendant's *FA900*, *FA902*, and *56080* model sunglasses as shown below, which were sold and/or offered for sale on Defendant's website, http://www.wholesalecentral.com/usamichiganwholesale/.

| Accused Product | Oakley's Patent |
|---|---|
| FA900  <br><br> FA 902  | U.S. Patent No. D746,368  |

| Accused Product | Oakley's Patent |
|---|---|
| 56080 | U.S. Patent No. D746,368 |
|  |  |

37.    Defendant's acts of infringement of the D368 Patent were undertaken without permission or license from Oakley.  Upon information and belief, Defendant had actual knowledge of Oakley's rights in the design claimed in the D368 Patent.  Oakley and its iconic designs are well-known throughout the eyewear industry, and Defendant's *FA900*, *FA902,* and *56080* model sunglasses are nearly identical copies of Oakley's design.    Accordingly, Defendant's actions constitute willful and intentional infringement of the D368 Patent.    Defendant infringed the D368 Patent with reckless disregard of Oakley's patent rights.  Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of the D368 Patent. Defendant's acts of infringement of the D368 Patent were not consistent with the standards of commerce for its industry.

38.    As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to Oakley.

39.    Pursuant to 35 U.S.C. § 284, Oakley is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

/ / /

40.     Pursuant to 35 U.S.C. § 285, Oakley is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

41.     Pursuant to 35 U.S.C. § 289, Oakley is entitled to recovery of Defendant's total profits from Defendant's infringement of Oakley's design patents.

42.     Due to the aforesaid infringing acts, Oakley has suffered great and irreparable injury, for which Oakley has no adequate remedy at law.

43.     Defendant will continue to infringe Oakley's patent rights to the great and irreparable injury of Oakley, unless enjoined by this Court.

## V.  SECOND CLAIM FOR RELIEF

(Federal Trade Dress Infringement & Unfair Competition)
(15 U.S.C. § 1125(a))

44.     Oakley repeats and re-alleges the allegations of paragraphs 1-43 of this Complaint as if set forth fully herein.

45.     This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

46.     Subsequent to Oakley's use and adoption of the HALF JACKET Trade Dress, Defendant has developed, manufactured, imported, advertised, and/or sold products bearing a trade dress that is confusingly similar to the HALF JACKET Trade Dress.  As shown below, for example, Defendant's *F2078SP* model sunglasses, which were sold and/or offered for sale on Defendant's website http://www.wholesalecentral.com/usamichiganwholesale/, are confusingly similar to Oakley's HALF JACKET Trade Dress.

/ / /

/ / /

/ / /

/ / /

/ / /

| Accused Product | HALF JACKET Trade Dress |
|---|---|
| F2078SP | |
|  |  |

47.     Defendant's use of a trade dress that is confusingly similar to the HALF JACKET Trade Dress in connection with its sunglasses is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Oakley.

48.     Defendant's use of a trade dress that is confusingly similar to the HALF JACKET Trade Dress without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

49.     Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of the Defendant's products or cause said persons to believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by Oakley or are in some way affiliated or connected with Oakley, all in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

50.     Subsequent to Oakley's use and adoption of the STRAIGHT JACKET Trade Dress, Defendant has developed, manufactured, imported,

advertised, and/or sold products bearing a trade dress that is confusingly similar to the STRAIGHT JACKET Trade Dress.  As shown below, for example, Defendant's *F2078SP* model sunglasses, which were sold and/or offered for sale on Defendant's website, http://www.wholesalecentral.com/usamichiganwholesale/,   are   confusingly similar to Oakley's STRAIGHT JACKET Trade Dress.

| Accused Product | STRAIGHT JACKET Trade Dress |
|---|---|
| F2078SP  |  |

51.    Defendant's use of a trade dress that is confusingly similar to the STRAIGHT JACKET Trade Dress in connection with its sunglasses is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Oakley.

52.    Defendant's use of a trade dress that is confusingly similar to the STRAIGHT JACKET Trade Dress without Oakley's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

53.    Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the

origin of Defendant's products or cause said persons to believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by Oakley or are in some way affiliated or connected with Oakley, all in violation of 15 U.S.C. § 1125(a) and constitutes unfair competition with Oakley.

54.   Oakley is informed and believes, and thereon alleges, that Defendant's acts of trade dress infringement and unfair competition were undertaken willfully with the express intent to cause confusion, and to mislead and deceive the purchasing public.

55.   Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's trade dress infringement and unfair competition in an amount that is not presently known to Oakley.  By reason of Defendant's actions constituting trade dress infringement, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

56.   Due to Defendant's actions constituting trade dress infringement and unfair competition, Oakley has suffered and continues to suffer great and irreparable injury, for which Oakley has no adequate remedy at law.

57.   Pursuant to 15 U.S.C. § 1117, Oakley is entitled to damages for Defendant's infringing acts, up to three times actual damages as fixed by this Court, and its reasonable attorneys' fees for the necessity of bringing this claim.

## VI.  **THIRD CLAIM FOR RELIEF**

(State Trade Dress Infringement & Unfair Competition)

(California Business & Professions Code § 17200 *et seq.*)

58.   Oakley repeats and re-alleges the allegations of paragraphs 1-57 of this Complaint as if set forth fully herein.

59.   This claim is for unfair competition, arising under California Business & Professions Code § 17200, *et seq.* and California common law.

60.     Defendant's acts of trade dress infringement and false designation of origin, complained of herein constitute unfair competition with Oakley under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200 *et seq.*

61.     Oakley is informed and believes, and thereon alleges, that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's unfair competition in an amount that is not presently known to Oakley.  By reason of Defendant's wrongful acts as alleged in this Complaint, Oakley has been damaged and is entitled to monetary relief in an amount to be determined at trial.

62.     By its actions, Defendant has injured and violated the rights of Oakley and has irreparably injured Oakley, and such irreparable injury will continue unless Defendant is enjoined by this Court.

**WHEREFORE**, Oakley prays for judgment in its favor against Defendant for the following relief:

A.     An Order adjudging Defendant to have willfully infringed the Asserted Patents under 35 U.S.C. § 271;

B.     A preliminary and permanent injunction enjoining Defendant, its respective officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from (1) making, using, selling, offering to sell, and/or importing any of the following products shown above in the Complaint: Defendant's *F2019SP*, *FA913*, *FA900*, *FA902*, and *56080* products, and any products that are not colorably different form these products, and (2) directly or indirectly infringing the Asserted Patents in violation of 35 U.S.C. § 271;

C.     That Defendant account for all gains, profits, and advantages derived by Defendant's infringement of the Asserted Patents in violation of

35 U.S.C. § 271, and that Defendant pay to Oakley all damages suffered by Oakley and/or Defendant's total profit from such infringement pursuant to 35 U.S.C. §§ 284 and 289;

D.      That the Court find for Oakley and against Defendant on Oakley's claims of trade dress infringement and unfair competition under 15 U.S.C. § 1125(a);

E.      That the Court issue a preliminary and permanent injunction against Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1.      Manufacturing, importing, marketing, displaying, distributing, offering to sell, and/or selling Defendant's F2078SP product shown above and any products that are not colorably different therefrom;

2.      using Oakley's HALF JACKET Trade Dress, STRAIGHT JACKET Trade Dress, and any other trade dress that is confusingly similar to either Oakley's HALF JACKET Trade Dress or STRAIGHT JACKET Trade Dress;

3.      false designating the origin of Defendant's goods;

4.      unfairly competing with Oakley in any manner whatsoever;

5.      causing a likelihood of confusion or injuries to Oakley's business reputation

6.      manufacturing, importing, marketing, displaying, distributing, offering to sell, and/or selling any goods that infringe either Oakley's HALF JACKET Trade Dress or STRAIGHT JACKET Trade Dress;

- 17 -

F.     That an accounting be ordered to determine Defendant's profits resulting from its trade dress infringement, false designation of origin, and unfair competition;

G.     That Oakley be awarded monetary relief in an amount to be fixed by the Court under 15 U.S.C. § 1117, including:

       1.     all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions;

       2.     all damages sustained by Oakley as a result of Defendant's acts of trade dress infringement, and that such damages be trebled;

       3.     the costs of this action;

H.     That such damages and profits be trebled and awarded to Oakley pursuant to 15 U.S.C. § 1117;

I.     An Order adjudging that this is an exceptional case, including each of Oakley's patent infringement and Lanham Act claims;

J.     That, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions, this Court award to Oakley all reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

K.     That Oakley recover exemplary damages pursuant to California Civil Code § 3294;

L.     An Order for a trebling of damages and/or exemplary damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

M.     An award to Oakley of the attorney fees, expenses, and costs incurred by Oakley in connection with this action pursuant to 35 U.S.C. § 285;

N.     An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

1    O.    Such other and further relief as this Court may deem just and

2    proper.

3

4                                      Respectfully submitted,

5                                      KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7    Dated: September 23, 2016         By: */s/ Lauren K. Katzenellenbogen*
                                           Michael K. Friedland
8                                          michael.friedland@knobbe.com
                                           Lauren K. Katzenellenbogen
9                                          lauren.katzenellenbogen@kmob.com
                                           Ali S. Razai
10                                         ali.razai@knobbe.com
                                           Daniel C. Kiang
11                                         daniel.kiang@knobbe.com

12                                     Attorneys for Plaintiff
                                       OAKLEY, INC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2   Plaintiff Oakley, Inc. hereby demands a trial by jury on all issues so

3 triable.

4        Respectfully submitted,

5        KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7 Dated: September 23, 2016  By: */s/ Lauren K. Katzenellenbogen*

8         Michael K. Friedland
         michael.friedland@knobbe.com

9         Lauren K. Katzenellenbogen
         lauren.katzenellenbogen@kmob.com

10        Ali S. Razai
         ali.razai@knobbe.com

11        Daniel C. Kiang
         daniel.kiang@knobbe.com

12        Attorneys for Plaintiff
         OAKLEY, INC.

13

14 24249999

15

16

17

18

19

20

21

22

23

24

25

26

27

28